Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10604
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
LILLIAN LABOY,

   PLAINTIFF,

V.

CSC HOLDINGS, LLC, D/B/A ALTICE USA,
A/K/A OPTIMUM, FORMERLY D/B/A
CABLEVISION SYSTEMS CORP.,

   DEFENDANT.
---------------------------------------------------------------X

CIVIL ACTION NO.

**COMPLAINT**

  Plaintiff Lillian Laboy ("Ms. Laboy" or "Plaintiff"), by and through her attorneys, Gaines, Novick, Ponzini, Cossu & Venditti, LLP as and for her Complaint in the action against Defendant, CSC Holdings, LLC, d/b/a Altice USA, formerly d/b/a Cablevision Systems Corp. (hereinafter "Defendant'" or "Former Employer"), hereby alleges as follows:

NATURE OF THE ACTION

  1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices committed against Ms. Laboy, including its unlawful discrimination and harassment committed against Ms. Laboy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); the New York State Human Rights Law, New York Executive Law §§ 290 *et seq.* (the "NYSHRL"),

1

Case 2:18-cv-03726   Document 1   Filed 06/27/18   Page 2 of 19 PageID #: 2

the Nassau County Human Rights Law, The Nassau County Administrative Code Title C-2 § 21-9.8 *et seq*. (the "NCHRL"); and the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq*. ("FMLA").

    2. Over the course of Ms. Laboy's tenure as a Direct Sales Representative with Defendant she was subjected to unlawful discrimination and harassment because of her sex, race, and color. The blatantly hostile work environment created by Defendant included, Ms. Laboy, having to endure sexual harassment on a weekly basis because of her sex. Such behavior included a member of management staring at her breast and telling her that she has knockers. More subtle acts of discrimination included hindering Ms. Laboy's sales and growth potential despite meeting all quotas set by Defendants. Defendant also denied Ms. Laboy the ability to work in an equal work environment with equal promotional opportunities. Ms. Laboy complained about this on a few occasions, but refrained from more vocal or formal protests because she feared reprisal from Defendant, which Defendant unhesitatingly did to other employees in the past, thereby establishing a disturbing precedent.

    3. Defendant's conduct was knowing, malicious, willful, wanton and/or showed a reckless disregard for Ms. Laboy, which caused, and continues to cause, Ms. Laboy to suffer substantial economic and non-economic damages, detriment to her health, including but not limited to insomnia, permanent harm to her professional and personal reputation, severe mental anguish, physical harm, and emotional distress.

    4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Ms. Laboy's rights under Title VII, Section 1981, and FMLA. This Court has supplemental jurisdiction over Ms. Laboy's related claims arising under state and/or local law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the unlawful employment practices against Ms. Laboy were committed in this district, the employment records relevant to the unlawful employment practices are maintained and administered in this district, and the Defendant's principal offices are in Long Island.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant reside in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

PARTIES

7. Ms. Laboy resides in Nassau County, in the State of New York.

8. Ms. Laboy was hired by Defendant in 2009 as a Sales Representative.

9. At all relevant times, she met the definition of an "employee" under all applicable statutes.

10. At all relevant times, Defendant meets the definition of an "employer" under all applicable statues.

11. Defendant is in the business of selling cable, internet and telephone services.

PROCEDURAL REQUIREMENTS

12. Ms. Laboy has complied with all statutory prerequisites to her Title VII claims having filed a complaint with the New York State Division of Human Rights ("DHR") (Case No. 10187910).

13. On or about April 1, 2018, the EEOC issued a right to sue letter that was received on or about April 8, 2017.

14. This lawsuit has been filed within 90 days of receipt of Ms. Laboy's right to sue letter.

15. A copy of this Complaint will be served on both the New York City Commission of Human Rights, thereby satisfying the notice requirement of the New York City Administrative Code § 8-502.

16. Any and all other prerequisites to the filing of this lawsuit have been satisfied.

## FACTUAL ALLEGATIONS

### I. BACKGROUND

17. Ms. Laboy is a non-White Hispanic woman.

18. Ms. Laboy was hired by Defendant in 2009 as a Sales Representative.

19. Ms. Laboy received a salary and sales commission.

20. Ms. Laboy performed her duties as a Sales Representative in an exceptional manner and with the highest degree of integrity.

21. Ms. Laboy consistently met the sales numbers required by Defendant.

22. Ms. Laboy performs her duties as a Sales Representative with the highest degree of integrity, despite pervasive discrimination, harassment and retaliation based on sex, race, and color.

### II. RACE AND SEX DISCRIMINATION

23. Since June of 2016, her supervisors and managers impaired her ability to excel.

24. Ms. Laboy's job responsibilities included locating and visiting new potential customers to sell them variations of cable, internet, and phone service packages.

25. Often Ms. Laboy traveled from door to door to me potential customers.

26. Typically, new customers paid for (1) the service package (2) a flat installation fee, and (3) a twenty-five-dollar additional fee for each additional setup after the first-three-included-electrical-outlet-installations.

27. A common practice among Sales Representatives is to waive the additional twenty-five-dollar fee to make the sale of the cable, internet, and phone service package more palatable and/or more affordable to new potential customers.

28. Before Sales Representatives are permitted to waive the additional twenty-five-dollar fee for setup they must advise their supervisor.

29. Sales Representatives usually call their supervisor while they are with the potential customer to ask if it is permissible to waive the additional twenty-five-dollar fee.

30. During Ms. Laboy's entire time as a Sales Representative her supervisors would either refused to answer her phone calls knowing that she was calling in order to waive the additional twenty-five-dollar fee or refuse to grant permission.

31. Ms. Laboy consistently finished above the monthly minimum sale and installation quotas set by Defendant.

32. Ms. Laboy's supervisor and manager regularly accused Ms. Laboy of breaking company policies to sell packages.

33. Ms. Laboy was regularly accused of selling packages to customers who were in arrears, which is a prohibited company policy.

34. Ms. Laboy complained that the program used to identify potential customers in arrears, Customer Verification Tool ("CVT"), was faulty and often flagged people who were never customers of Defendant or were not in arrears.

35. In order to continue with the transaction Ms. Laboy had to collect the arrears or in cases where they were not in arrears advise her supervisor.

36. Because Ms. Laboy's supervisors would deliberately ignore Ms. Laboy's attempts to reach out to them, she often lost sales.

37. Curiously, White male employees who sold packages to customers flagged by CVT, were not disciplined.

38. Ms. Laboy lost numerous sales to White male Sales Representatives who would follow-up on customers that she passed over because they were flagged.

39. If Ms. Laboy sold to flagged customers she would have been written up and/or received other discipline.

40. Mr. Johnson would tell Plaintiff to call Customer Services if she cannot reach him.

41. Ms. Laboy responded that Customer Service does not have access to CVT and that calling Customer Service was not a company policy.

42. Nonetheless, Mr. Johnson would berate and write us Ms. Laboy.

43. Another common discriminatory practice was allowing White males to keep "lead sheets" after they expired.

44. These "lead sheets" contained the names and addresses of persons who expressed previous interest in purchasing a package offered by Defendant.

45. After a certain time passed the "lead sheets" were to be returned to Defendant.

46. If Ms. Laboy sold a service package to a customer from an expired "lead sheet" she would have been terminated.

47. White male employees, however, were able to sell to customers on expired "lead sheets" without any discipline.

48. Another example of Ms. Laboy being treated differently from White male employees is when Ms. Laboy was written up for not collecting the arrears from potential clients who did not follow through with purchases.

49. At that point, Ms. Laboy was not obligated to collect the arrears from potential customers who declined to proceed with the purchase of a service package.

50. Ms. Laboy would explain to Mr. Johnson that she is not obligated to collect arrears from customers who do not complete their order.

51. Ms. Laboy spoke with her colleague Ron Winfield (White male) and he said that he would do same thing in the presence of Mr. Johnson and it was not an issue.

52. Mr. Johnson would regularly tell Ms. Laboy that she should do everyone a favor and resign.

53. During Ms. Laboy's tenure, Mr. Johnson degraded and humiliated Ms. Laboy by refusing to make eye contact with her and constantly staring at breast.

54. Plaintiff's female colleagues experienced the similar treatment and often commented among each other how uncomfortable Mr. Johnson made them feel.

55. Because of the blatant acts of racism and sexism by Defendant, Ms. Laboy suffered irreparable damages.

56. In February of 2017, Ms. Laboy developed anxiety and panic attacks, as a result of the constant harassment she received from Hugh Johnson and Matthew Haggarty.

57. In February of 2017, Ms. Laboy applied for FMLA through Defendant.

58. Ms. Laboy's medical doctor recommended the approval of Plaintiff's FMLA application.

59. On March 2, 2017, Plaintiff was terminated by Matt Haggarty, just one day prior to the finalization of her FMLA paper work.

60. In that meeting, Mr. Haggarty spoke to Plaintiff in a flagrantly condescending manner.

61. Mr. Haggarty falsely accused Ms. Laboy of violating company policies.

62. Defendant fabricated violations to terminated Ms. Laboy when White male employees who actually violated company policy when unpunished.

### AS AND FOR A FIRST CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII)

63. Ms. Laboy hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

64. Defendant has discriminated against and harassed Ms. Laboy on the basis of her race, sex, color, and national origin in violation of Title VII by denying her the same terms and conditions of employment available to White male employees, including but not limited to, subjecting her to disparate working conditions and denying Ms. Laboy the opportunity to work in an employment setting free of unlawful discrimination.

65. Defendant has discriminated against and harassed Ms. Laboy on the basis of her race, sex, color, and national origin in violation of Title VII by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Ms. Laboy because of her sex, race, color, and national origin.

66. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Ms. Laboy has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Ms. Laboy is entitled to an award of damages.

67. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Ms. Laboy has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation,

embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Ms. Laboy is entitled to an award of compensatory damages.

68. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Title VII for which Ms. Laboy is entitled to an award of punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(RETALIATION IN VIOLATION OF TITLE VII)**

69. Ms. Laboy hereby repeats and realleges each and every allegation as contained in each of the preceding paragraph as if fully set forth herein.

70. Defendant has retaliated against Plaintiff in violation of Title VII for complainant about Defendant's discriminatory practices directed toward her, subjecting Ms. Laboy to acts of discrimination, harassment, humiliation and intimidation.

71. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Ms. Laboy has suffered and continued to suffer monetary and/or economic harm for which Ms. Laboy is entitled to an award of monetary damages and other relief.

72. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Ms. Laboy has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering as well as physical injury for which Ms. Laboy is entitled to an award of monetary damages and other relief.

## AS AND FOR A THIRD CAUSE OF ACTION
### (SEXUAL STEREOTYPING IN VIOLATION OF TITLE VII)

73. Ms. Laboy hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

74. Defendant has sexually stereotyped Ms. Laboy in violation of Title VII through verbal statements by denying her equal terms and conditions of employment because of their perception of how a woman should act, the responsibilities women should perform, and how Defendants' believe women should be treated.

75. As a direct and proximate result of Defendant's unlawful stereotyping and discriminatory conduct in violation of Title VII, Ms. Laboy has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

76. Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of Title VII for which Ms. Laboy is entitled to an award of punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF 42 U.S.C. § 1981)

77. Ms. Laboy hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

78. Defendant has discriminated against and harassed Ms. Laboy on the basis of her race, color, and/or national origin by denying her the same terms and conditions of employment available to white male employees, including but not limited to, subjecting her to disparate working conditions and denying Ms. Laboy the opportunity to work in an employment setting free of unlawful discrimination.

79. Defendant has discriminated against and harassed Ms. Laboy on the basis of her race, color, and/or national origin in violation of Section 1981 by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Ms. Laboy because of her race, color, and/or national origin.

80. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Ms. Laboy has suffered, and continue to suffer, monetary and/or economic damages including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

81. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Ms. Laboy has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Ms. Laboy is entitled to an award of monetary damages and other relief.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(RETALIATION IN VIOLATION OF 42 U.S.C. § 1981)**

82. Ms. Laboy hereby repeats and realleges each and every allegation as contained in each of the preceding paragraph as if fully set forth herein.

83. Defendant has retaliated against Plaintiff in violation of Section 1981 for complainant about Defendant's discriminatory practices directed toward her, subjecting Ms. Laboy to acts of discrimination, harassment, humiliation and intimidation.

84. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Ms. Laboy has suffered and continued to suffer monetary and/or economic harm for which Ms. Laboy is entitled to an award of monetary damages and other relief.

85. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Ms. Laboy has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering as well as physical injury for which Ms. Laboy is entitled to an award of monetary damages and other relief

## AS AND FOR A SIXTH CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE NYSHRL)

86. Ms. Laboy hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

87. Defendant has discriminated against and harassed Ms. Laboy on the basis of her race, color, national origin, and sex in violation of the New York State Human Rights Law ("NYSHRL") by denying her the same terms and conditions of employment available to employees who are not non-White Hispanic women, including but not limited to, denying her an opportunity to work in an environment setting free of unlawful discrimination and harassment.

88. Defendant has discriminated against and harassed Ms. Laboy on the basis of her sex, race, national origin, and color, in violations of the NYSHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Ms. Laboy because of her sex, race, color, and national origin.

89. As a Laboy result Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Ms. Laboy has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of damages.

90. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Ms. Laboy has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Ms. Laboy is entitled to an award of compensatory damages.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(DISCRIMINATION AND HARASSMENT IN VIOLATION OF NCHRL)**

91. Ms. Laboy hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

92. Defendant has discriminated against and harassed Ms. Laboy on the basis of her race, color, national origin, and sex in violation of the Nassau County Human Rights Law ("NCHRL") by denying her the same terms and conditions of employment available to employees who are not non-White Hispanic women, including but not limited to, denying her an opportunity to work in an environment setting free of unlawful discrimination and harassment.

93. Defendant has discriminated against and harassed Ms. Laboy on the basis of her sex, race, color, and nation origin in violations of the NCHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that

included, among other things, severe and pervasive harassment of Ms. Laboy because of her sex, race, color, and national origin.

94. As a direct result Defendant's unlawful discriminatory conduct in violation of the NCHRL, Ms. Laboy has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of damages.

95. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NCHRL, Ms. Laboy has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Ms. Laboy is entitled to an award of compensatory damages.

96. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of the NCHRL for which Ms. Laboy is entitled to an award of punitive damages.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**(NEGLIGENT HIRING, RETENTION AND SUPERVISION)**

97. Ms. Laboy hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

98. Defendant has violated it duty as Ms. Laboy's employer by, among other things, denying her an opportunity to work in an employment setting free of unlawful discrimination, harassment and/or retaliation, by failing to take reasonable steps to determine the fitness of Ms. Laboy's co-workers and supervisors, by failing to reasonably supervise Ms. Laboy's co-workers and supervisors and by failing and refusing to investigate and/or take

appropriate disciplinary or other actions in response to Ms. Laboy's verbal and written complaints of discriminatory and harassing conduct by Ms. Laboy's co-workers and/or supervisors on the basis of her sex, race, color, and national origin which resulted in, among other things, physical injury to Ms. Laboy. Defendant had actual knowledge of the undue risk of harm to which they were thereby exposing Ms. Laboy based on her complaints to her supervisors and human resources.

99. As a direct and proximate result of Defendant's breach of duty to supervise, Ms. Laboy has been injured and has incurred damages thereby.

### AS AND FOR A NINTH CAUSE OF ACTION
### (DISCRIMINATION FAILURE TO PROMOTE IN VIOLATION OF TITLE VII)

100. Ms. Laboy hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

101. Defendant violated Ms. Laboy's right to be free from discrimination based on sex, race, color, and national origin in their discriminatory failure to promote her based on her gender.

102. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Ms. Laboy has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Ms. Laboy is entitled to an award of damages.

103. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Ms. Laboy has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and

suffering, as well as physical injury, for which Ms. Laboy is entitled to an award of monetary damages and other relief.

### AS AND FOR A TENTH CAUSE OF ACTION
### (DISCRIMINATION FAILURE TO HIRE IN VIOLATION OF TITLE VII)

104. Ms. Laboy hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

105. Defendant violated Ms. Laboy's right to be free from discrimination based on sex, race, color, and national origin in their discriminatory failure to hire her based on her gender.

106. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Ms. Laboy has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Ms. Laboy is entitled to an award of damages.

107. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Ms. Laboy has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Ms. Laboy is entitled to an award of monetary damages and other relief.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (FMLA VIOLATION UNDER 29 U.S.C. §§ 2612, 2614, 2615)

108. Ms. Laboy hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

109.    By the acts and practices described above, Defendant retaliated against Ms. Laboy for attempting to exercise her rights under the Family Medical Leave Act ("FMLA"), in violation of 29 U.S.C. §§ 2612(d), 2614(a), 2615(a), 2615(b).

110.    Defendant knew that its actions violated the FMLA; Defendant's violation of the FMLA were not in good faith.

111.    As a result of Defendant's actions violating the FMLA, Ms. Laboy has suffered and will continue to suffer irreparable injury and other monetary damages unless and until this Court grants relief.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### (FMLA VIOLATION UNDER 29 C.F.R. 825.220)

112.    Ms. Laboy hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

113.    By the acts and practices described above, Defendant retaliated against Ms. Laboy for attempting to exercise her rifts under the FMLA, in violation of 29 C.F.R. 825.220(c).

114.    Defendant knew that its actions violated violated the FMLA; Defendant's violation of the FMLA were not in good faith.

115.    As a result of Defendant's actions violating the FMLA, Ms. Laboy has suffered and will continue to suffer irreparable injury and other monetary damages unless and until this Court grants relief.

### PRAYER FOR RELIEF

WHEREFORE, Ms. Laboy prays that the Court enter a judgment in her favor and against Defendant, containing the following relief:

A.  A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the law of the United States and the State of New York;

17

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Ms. Laboy's employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Ms. Laboy for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E. An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Ms. Laboy for all non-monetary and/or compensatory damages, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Ms. Laboy in an amount to be determined at trial, plus prejudgment interest;

G. An award of punitive damages;

H. An award of costs that Ms. Laboy has incurred in this action, as well as Ms. Laboy's reasonable attorneys' fees to the fullest extent permitted by law; and

I. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: White Plains, New York
June 27, 2018

                                       Respectfully submitted,

                                       *//s// Jaazaniah Asahguii*
                                       Jaazaniah Asahguii, Esq.

                                       *Attorney for Plaintiff*